## ALLEN *versus* DOYLE.

In order to the taking of a deposition, the adverse party or his attorney must have notice to attend.

Though a practising attorney-at-law be notified to attend, and do attend and act at the taking, as the attorney of the adverse party, the deposition is not thereby rendered admissible, unless he had indorsed the writ or the summons, or had appeared in the cause, or had given notice in writing that he was the attorney of the adverse party.

In a suit against an officer, (who had attached property upon a writ, and taken a receipt for the same,) for not delivering either the property or the receipt, it is not competent for the defendant to show, in mitigation of damage, that the property was of a value less than that which he had alleged in his return upon the writ.

The approval by a plaintiff, *as to the ability* of the person taken as receiptor, for property attached upon his writ, does not exonerate the officer from effort to find the property that it may be sold on the execution, or from the duty of bringing a suit upon the receipt.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J. presiding.

CASE against the sheriff, for an alleged default of his deputy, Charles W. Doughty, in neglecting to keep and to deliver property attached by him.

It appeared *that* the deputy made a return of an attachment

of certain personal property on a writ in favor of the plaintiff against Henry Rolfe ; *that* he took a receipt therefor signed by Rolfe and two sureties, whose ability was appoved by the plaintiff ; *that* the plaintiff recovered judgment in the suit ; *that* an execution issued thereon which was delivered to another deputy, who, within thirty days after judgment, returned on the execution that he had "made a demand upon the defendant for a delivery of the receipt and of the property attached, and that it was not delivered."

The execution was returned in no part satisfied. The receipt was, upon notice, produced by the plaintiff.

In defence, the deposition of Edmund Watson was offered.

The caption showed J. W. Tabor, Esq., was notified to attend and did attend at the taking.

The deposition was excluded, because it did not appear that Tabor had, before the time of the taking, acted as attorney to the plaintiff, or had indorsed the writ or otherwise, held himself out as such attorney.

A deposition for the defendant was read, tending to show that the property attached was of much less value than in the return upon the writ and in the receipt, it was stated to have been.

The Judge ruled that this fact, if the jury should consider it proved, would constitute no defence.

The defendant then submitted to a default, which is to be taken off, if the ruling was incorrect.

*B. Bradbury,* for the defendant.

1. The acceptance and approval of the receipt by the plaintiff discharged the officer from his liability for not retaining possession of the attached property. *Jenny* v. *Delesdernier,* 20 Maine, 183 ; *Rice* v. *Wilkins,* 21 Maine, 558 ; *Farnham* v. *Gilman,* 24 Maine, 253, 254.

2. The approval and acceptance of the receipt by the plaintiff gave the creditor an equitable interest, founded on a sufficient consideration, which would enable him to maintain

an action in the officer's name against the receiptors. *Farn-ham* v. *Gilman*, 24 Maine, 254.

3. The execution having been placed in another officer's hands, within the thirty days after final judgment, nothing further remained to fix the liability of the receiptors but a demand upon them. For any failure to do this, Doughty was not liable. It was the duty of the creditor to cause it to be done.

4. If it be said that Doyle, the sheriff, did not deliver the receipt taken by Doughty, the reply is that no demand for it was made on Doughty, and for aught that appears the plaintiff may have had it at the time. It is produced here in court by him. When, where and how did he get it? Was it not returned to him with the original writ? The fair presumption is, that it was in his possession from the time of its approval.

5. The deposition of Watson was admissible. Tabor attended and acted for the plaintiff. His authority should be at least presumed. When an attorney enters his name for a party on the docket, it not only furnishes a *presumption*, but, as between the litigating parties, it is *conclusive*, that he had authority. If the wrong person had been notified as attorney, and had not appeared, the deposition might very properly be excluded.

6. In determining the question of damages, evidence to show the value of the property receipted for to be less than the amount stated in the receipt, should be received.

" The sum, at which property is valued in the receipt, is *prima facie* the measure of damages, but an over-valuation may be proved in reduction of damages. *Sawyer* v. *Mason*, 19 Maine, 49.

As the liability of the officer is limited in this case by the extent of the liability of the receiptors, and as the receiptors could have proved an over-valuation in reduction of damages, the officer may do the same.

*J. Hodgdon*, for the plaintiff.

1. The approval of a receipt does not discharge the officer

from his obligation to deliver it to the plaintiff, or to the officer having the execution, on demand, within thirty days of the rendition of judgment.

2. Doughty had left the county before judgment, and the execution was placed in the hands of another deputy of the defendant, which was all the plaintiff could do, and has the same legal effect upon him, as if it had been placed in the hands of Doughty.

3. The officer, in order to make a demand upon the receiptor, must have had the receipt. He could not otherwise have known its conditions, nor even the names of the receiptors.

4. A demand on Doyle obviates the necessity of a demand on Doughty. The receipt is produced by the plaintiff on the defendant's call, and if it was handed to him by the defendant, it would not be in the plaintiff's power to show the time when. If the defendant seeks to make it appear that the receipt was in the plaintiff's hands in season to charge the receptors, the burthen of proof rests upon him.

5. The claim to have Watson's deposition admitted is sufficiently answered by R. S. chap. 133, sect. 7.

6. The liability of the receiptors is usually limited by the liability of the officer, as stated in *Sawyer* v. *Mason*, but the converse of the proposition does not necessarily follow. The sum at which the property is valued in the receipt is only *prima facie* evidence of value against receiptors, but conclusive against an officer.

SHEPLEY, C. J., orally. —

The deposition of Edmund Watson was excluded, because it did not appear that Mr. Tabor, who was notified and was present as the attorney of the plaintiff at the taking of the deposition, had before that time acted as his attorney, or had indorsed the writ or had otherwise held himself out as such attorney. His authority to appear could be shown only by his having indorsed the writ, or indorsed his name on the summons left with the defendant, or appeared for his principal

in the cause, or given notice in writing, that he is attorney. R. S. chap. 133, sect. 7. The statute is peremptory on this point, and the deposition was properly excluded.

The defendant offered to prove, that the property attached was of less value than stated in the officer's return in the writ.

Whether, in an action on the receipt, it would be competent for the parties to show, that the property was of less value than stated in the receipt, is not now the question.

The officer's return on the writ states the value of the property attached. The creditor had a right to rely upon that return, and to abstain from efforts to get further security. The officer is not now at liberty to deny or qualify the facts stated in that return.

The approval of the receipt by the plaintiff only shows, that he took the risk of their inability. It did not exonerate the officer from making effort to find the property which had been attached, or from the duty of bringing a suit upon the receipt. It does not appear, that the goods could not be found, or that, if the action had been brought upon the receipt, the amount of it could not have been collected.

*The default is confirmed.*